UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

                Plaintiff,

    -against-

MARCELINO ENRIQUEZ, *et al.*,

               Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19 CV 2384 (EK) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

      On April 24, 2019, J & J Sports Productions, Inc. ("plaintiff" or "J&J Sports") filed a complaint in this action against Marcelino Enriquez, individually and d/b/a Tu Ranchito Restaurant, and Tu Ranchito Restaurant Corp (collectively, "defendants"). Defendants failed to answer or respond to the Complaint.

      Currently pending before the undersigned is J&J Sports' motion for fees and costs. For the following reasons, this Court respectfully recommends that plaintiff be awarded $573.00 in costs, representing the $400.00 filing fee and the service of process fees, but that plaintiff's request for attorneys' fees and investigative costs be denied.

FACTUAL BACKGROUND

      Plaintiff alleges that, pursuant to a closed-circuit television licensing agreement with Golden Boy Promotions, LLC, plaintiff was granted the exclusive rights to commercially distribute the September 17, 2016 WBO World Super Welterweight Championship Fight Program between Saul Alvarez and Liam Smith, including all undercard bouts and fight commentary encompassed in the television broadcast of the event (the "Program"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, and restaurants throughout New

1

York. (Compl.[1] ¶ 19; Pl.'s Mem.[2] at 1-2; Gagliardi Aff.[3] ¶ 3). Plaintiff alleges that defendant Marcelino Enriquez is the principal of Ranchito, a commercial establishment operating at 635 Bay Street, Staten Island, N.Y. (Compl. ¶ 8; Pl.'s Mem. at 2). An investigator retained by plaintiff observed the Program being broadcast to patrons of the defendant establishment on September 17, 2016. (Aimetti Aff.[4] at 1). Since defendants were not authorized to display the Program, plaintiff commenced this action on April 24, 2019, seeking statutory damages pursuant to 47 U.S.C. §§ 553 and 605.

On July 24, 2019, when defendants failed to appear or file an Answer to the Complaint, the Clerk of the Court entered a Certificate of Default against defendants. On October 7, 2020, the Honorable Edward R. Korman granted plaintiff's Motion for Default Judgment, finding, *inter alia*, that the allegations stated legally valid causes of action under 47 U.S.C. § 605 against both defendants, and referring the matter to the undersigned to recommend an appropriate award of damages. (Id. at 8).

Thereafter, on October 9, 2020, the undersigned recommended that plaintiff be awarded $5,400.00 in statutory and enhanced damages from defendants and that plaintiff be allowed to submit a motion for attorneys' fees. On December 30, 2020, the district court adopted that

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed April 24, 2019, ECF No. 1.

[2] Citations to "Pl.'s Mem." refer to Plaintiff's Memorandum in Support of Application For Default Judgment, dated August 2, 2019, ECF No. 10.

[3] Citations to "Gagliardi Aff." refer to the Affidavit of Joseph Gagliardi, President of J&J Sports Productions, Inc., filed on August 2, 2019, ECF No. 10.

[4] Citations to "Aimetti Aff." refer to the Affidavit of Steven Aimetti, Investigator for Plaintiff, dated September 16, 2015, and submitted as Exhibit 5 to the Declaration of Plaintiff's Counsel Joseph P. Loughlin in Support of Application for Default Judgment ("Loughlin Aff."), dated August 2, 2019.

recommendation in its entirety, awarding the plaintiff $5,400.00 in damages and directing plaintiff to submit a motion for attorneys' fees within thirty days of the Order.

On January 20, 2021, J&J Sports moved for costs in the amount of $1,123 and attorneys' fees in the amount of $2,110.

## DISCUSSION

I.  Attorneys' Fees

Plaintiff seeks an award of attorneys' fees in the amount of $2,110. (Pl.'s Fees Mem.[5] at 4). Section 605(e)(3)(B)(iii) states that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." However, it is well-established in the Second Circuit that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records." New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). "Carey establishes a strict rule from which attorneys may deviate only in the rarest of cases." Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010) ("Scott I"). Attorneys "must document the application [for fees] with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 148 (2d Cir. 2014) (alterations in original) (internal quotation marks and citation omitted). Should an attorney fail to provide contemporaneous records, any request for attorneys' fees should be denied in its entirety. See Scott I, 646 F.3d at 130.

---

[5] Citations to "Pl.'s Fees Mem." refer to Plaintiff's Memorandum in Support of Motion for Attorney Fees and Costs, filed January 20, 2021, ECF No. 17-1.

The Court respectfully recommends that plaintiff's request for fees be denied, based on its failure to provide contemporaneous time records in accordance with Carey, despite being explicitly directed to provide such documents to the Court. (See R&R[6] at 3-4). Although plaintiff has submitted an affidavit listing dates, description of the work performed by attorneys and paraprofessional staff, along with the amount of time spent on each task and an assigned hourly rate (see Pl.'s Ex. 1 at 5-7, ECF No. 17-2), plaintiff explicitly states that these records are *not* contemporaneous. (Pl.'s Fees Mem. at 2). Plaintiff also has not indicated whether any contemporaneous records do exist. Instead, plaintiff states that "billable hours for legal services are reconstructed by way of a thorough review of the files themselves." (Hunter Decl.[7] ¶ 6). Plaintiff asserts that handling "thousands of commercial signal piracy files over the last decade and a half" makes them "most capable of calculating billable hours for legal services rendered." (Id.).

This Court has previously denied applications for attorneys' fees when the applicant fails to submit contemporaneous time records. See, e.g., Joe Hand Promotions, Inc. v. Soviero, No. 11 CV 1215, 2012 WL 3779224, at *1 (E.D.N.Y. July 31, 2012), report and recommendation adopted, 2012 WL 3779221 (E.D.N.Y. Aug. 30, 2012); J & J Sports Productions, Inc. v. James, No. 17 CV 5359, 2019 WL 2271843, at *2 (E.D.N.Y. Mar. 5, 2019) (collecting cases), report

---

[6] Citations to "R&R" refer to the Report and Recommendation issued by the undersigned, dated October 9, 2020, ECF No. 13, recommending that plaintiff be awarded $5,400.00 in statutory and enhanced damages from defendants and that plaintiff be permitted to submit a motion for attorneys' fees 30 days from the date the Report and Recommendation was ruled upon. Plaintiff was directed to submit a motion "including an affidavit and contemporaneous time records establishing the amount of attorneys' fees and costs it seeks to recover." The Court cited J & J Sports Productions, Inc. v. Alvarez, No. 07 CV 8852, 2009 WL 3096074, at *7 (S.D.N.Y. Sept. 25, 2009), a case that declined to award plaintiff attorney's fees because of the failure to keep contemporaneous time records.

[7] Citations to "Hunter Decl." refer to the Declaration of Plaintiff's Counsel in Support of Motion for Attorneys' Fees and Costs by Robert Hunter, filed January 21, 2021, ECF No. 17.

4

and recommendation adopted, 2019 WL 1403112 (E.D.N.Y. Mar. 28, 2019). In fact, in both Joe Hand Promotions, Inc. v. Soviero and J & J Sports Productions, Inc. v. James, the court denied attorneys' fees due to the submission of non-contemporaneous time records in situations virtually identical to this one. The requests for fees in both the Joe Hand Promotions, Inc. v. Soviero and J & J Sports Productions, Inc. v. James utilized the same language as plaintiff does here to explain their lack of contemporaneous records, specifically: "billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves." (Hunter Decl. ¶ 6; see J & J Sports Productions, Inc. v. James, 2019 WL 2271843, at *1 (E.D.N.Y. 2019); Joe Hand Promotions, Inc. v. Soviero, 2012 WL 3779224, at *13 (E.D.N.Y. 2012)).

Despite receiving these reconstructed records, the court in each case denied fees, explaining that "[d]escriptions of work recollected in tranquility days or weeks later will not do." J & J Sports Prods., Inc. v. James, 2019 WL 2271843, at *1 (quoting Handschu v. Special Servs. Div., 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010)); see Joe Hand Promotions, Inc. v. Soviero, 2012 WL 3779224 at *13 (denying requested attorney's fees and finding that estimating time spent on a case "after-the-fact" based on a review of "files and prior experience handling these types of matters" without relying on contemporaneous time records "is not sufficient to satisfy the requirements of Carey"). Indeed, "[w]hen an attorney fails to keep such contemporaneous records, a motion for attorneys' fees must ordinarily be denied in its entirety." J & J Sports Prods., Inc. v. James, 2019 WL 2271843, at *1 (citing Scott I, 626 F.3d at 133).

Although plaintiff acknowledges the contemporaneous records requirement in its motion, plaintiff makes three arguments in an effort to persuade the Court to accept non-contemporaneous time records instead. First, plaintiff cites Scott I to argue that there are "somewhat rare" exceptions to the Second Circuit's requirement of contemporaneous records to

5

recover attorneys' fees. (Pl.'s Fees Mem. at 2 (citing Scott I). However, the Scott I decision held that contemporaneous time records are mandatory barring circumstances where the contemporaneous records have been destroyed. Scott I, 646 F.3d at 130 (holding that: "While we can imagine rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records—such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application—the circumstances justifying such an exception would have to be found by the awarding court and laid out in sufficient detail to permit review of the justification on appeal"). There is no suggestion in Scott I that the failure to *ever* keep contemporaneous records excuses noncompliance with the requirement to provide contemporaneous records. In this case, plaintiff has not presented any evidence that it maintained contemporaneous records, nor has plaintiff claimed that such records were destroyed by outside forces. (See generally Hunter Decl.). Thus, the exception to the requirement set out in Scott I does not apply here. See J & J Sports Productions, Inc. v. James, 2019 WL 2271843, at *2 (reaching the same conclusion).

Secondly, plaintiff cites Marion S. Mishkin Law Office v. Lopalo to argue that "in any event, an attorney seeking legal fees should be afforded an opportunity to explain whether the records he or she kept are sufficient." (Pl.'s Fees Mem. 2-3). In the Marion S. Mishkin case, the court held that it "was clear error to deny [appellant] any fee on the basis of her failure to keep contemporaneous time records without further inquiry into her timekeeping practices." Marion S. Mishkin Law Office v. Lopalo, 767 F.3d at 149–50. However, in reaching that conclusion, the Second Circuit considered that there was a dispute over whether the appellant's method of time-stamping records and then creating billing records from those time-stamps should be considered a contemporaneous time record (as the appellant argued) or a reconstructed time

record (as the district court found).  Id. at 149.  Here, plaintiff has kept neither contemporaneous time records nor a record, like the one kept in the Marion S. Mishkin case, that was reconstructed almost contemporaneously.  Instead, plaintiff has represented that it did not keep any contemporaneous records whatsoever.  (See Hunter Decl. ¶ 6; see also J & J Sports Productions, Inc. v. James, 2019 WL 2271843, at *2).

Plaintiff's third argument is that, in accordance with Scott v. City of New York, 643 F.3d 56 (2d Cir. 2011) ("Scott II"), even when attorneys' fees are denied due to lack of contemporaneous records, prevailing parties may still be entitled to "fees that can be reasonably ascertained via reference to Court filings." (Pl.'s Fees Mem. at 3 (citing id.).  However, Scott II holds that only time when an attorney was "physically before the district court" may be compensated with attorneys' fees, as the time spent can be accurately determined via court records.  Scott II, 643 F.3d at 59.  In Scott II, the court held that plaintiff "should be eligible to recover limited fees for any contemporaneously documented time that he was physically before the district court."  Thus, the court held that "entries in official court records (e.g., the docket, minute entries, and transcriptions of proceedings) may serve as reliable documentation of an attorney's compensable hours in court at hearings and at trial and in conferences with the judge or other court personnel."  Id.  Here, the docket sheet shows that plaintiff's attorneys have never appeared physically or remotely before the undersigned or before the district judge on this matter.  Thus, this exception does not apply to the case at hand.  See J & J Sports Productions, Inc. v. James, 2019 WL 2271843, at *2 (reaching the same conclusion).

Finally, plaintiff cites Joe Hand Promotions, Inc. v. Albright, No. 11 CV 22660, 2013 WL 4094403, *3 (E.D. Cal. Aug. 13, 2013), claiming that there the court determined that although plaintiff's timekeeping method was "inherently less reliable" than contemporaneous

7

records, "the Albright court found his time (which was 4.75 hours) to be reasonable and did not reduce the number of hours." (Pl.'s Fees Mem. at 3 (citing id.). However, this decision by the district court in California is not controlling and the Second Circuit has not endorsed a "reasonable" standard as being sufficient to override the requirement of contemporaneous records established in Carey. See J & J Sports Productions, Inc. v. Silvestre, No. 18 CV 3731, 2019 WL 179810, at *6 (S.D.N.Y. Jan. 14, 2019), report and recommendation adopted, 2019 WL 3297080 (S.D.N.Y. July 22, 2019) (reaching the same conclusion).

Accordingly, because plaintiff has failed to comply with the contemporaneous records requirement of Carey, the Court respectfully recommends that plaintiff's request for attorneys' fees be denied it its entirety. See J & J Sports Productions, Inc. v. James, No. 17 CV 5359, 2019 WL 2271843, at *2 (reaching the same conclusion, compiling cases).

II.     Costs

Although the Court has recommended denial of plaintiff's request for an award of attorneys' fees, the Court respectfully recommends that certain costs be awarded.

As previously noted, under Section 605 of the FCA, a prevailing plaintiff is entitled to be awarded "full costs." See 47 U.S.C. § 605(e)(3)(B)(iii); see generally Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d 59, 66-68 (E.D.N.Y. 2006) (discussing scope of "full costs" under the statute). Here, plaintiff has requested $1,123 in costs, consisting of $550 for investigative expenses, $400 for the filing fee, and $173 for service of process fees. (Pl.'s Fees Mem. at 4; see Pl.'s Ex. 1 (Cost Detail) at 7, ECF No. 17-2). In support of its request for costs, plaintiff submits a redacted invoice of payments made by the firm to an investigative agency (Pl.'s Ex. 2 at 8-9, ECF No. 17-2), and two invoices from process servers. (Pl.'s Ex. 3 at 10-12, ECF No. 17-2).

Although investigative costs are included within "full costs" under Section 605 of the FCA, in order "to recover investigative costs," "a plaintiff must make a showing similar to that required to recover attorneys' fees . . . Thus, a plaintiff must document (1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d at 67 (quoting International Cablevision, Inc. v. Noel, 982 F. Supp. 904, 918 (W.D.N.Y. 1997)). In Kingvision Pay-Per-View Ltd. v. Autar, the plaintiff submitted an investigator's invoice without evidence of the investigator's qualifications or how much time was spent. Since plaintiff did not include the required information, the request for investigative costs was denied. Id. Similarly, plaintiff here has not provided that information and therefore is not entitled to recover investigative costs. (Pl.'s Ex. 2 at 8-9, ECF No. 17-2). See J & J Sports Productions, Inc. v. Garcia, No. 06 CV 4297, 2011 WL 1097538, at *6 (S.D.N.Y. Mar. 1, 2011), report and recommendation adopted sub nom., J&J Sports Productions, Inc. v. Garcia, 2011 WL 1046054 (S.D.N.Y. Mar. 22, 2011) (compiling cases).

However, because plaintiff has provided evidence of its service of process fees ($173.00), and the Court takes judicial notice of the filing fees in this district ($400), it is respectfully recommended that plaintiff be awarded costs in the total amount of $573.00. See J & J Sports Productions, Inc. v. James, No. 17 CV 5359, 2019 WL 2271843, at *2.

## CONCLUSION

Accordingly, this Court respectfully recommends that plaintiff's motion be granted in part and denied in part. It is respectfully recommended that plaintiff be awarded $573.00 in costs, but that plaintiff's request for attorneys' fees and investigative costs be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the

Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga County., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 16, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York